UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23902

MIGUEL E. GIL GONZALEZ,

    Plaintiff,

vs.

TATYANA GOLDBERG, INC. d/b/a
TGI INSTALLERS,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Miguel E. Gil Gonzalez, sues Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Miguel E. Gil Gonzalez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit

5.     **Defendant, Tatyana Goldberg, Inc**, is a for-profit Maryland corporation that is *sui juris* and operated its business in Maryland and in this District at all times material. Defendant, Tatyana Goldberg, Inc., operates under the fictitious name of TGI Installers.

6. **Defendant, Tatyana Goldberg, Inc.,** is a foreign corporation, it contucted business in Florida, but is has never been authorized to conduct business in Florida as of the filing of this Complaint.

7. Defendant was and is Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendant employed Plaintiff.

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

9. Defendant engaged Plaintiff to work from within this District, Plaintiff actually performed work on real property located in this District, and Defendant was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida, where such payments were received.

## *Common Background Factual Allegations*

7. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its warehousing, storage, disposal, delivery, and installation of kitchen cabinetry, bathroom vanities, glass partitions, systems furniture, and other goods and supplies that traveled in interstate commerce prior to their installation/incorporation into real property located in multiple States (including Florida, New York, and the District of Columbia).

9. Furthermore, Defendant regularly and routinely obtains, exchanges, and sends/receives funds telephonic transmissions to and from outside of the State of Florida, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

10. Defendant performs its work using vehicles, tools, hand tools, fasteners, adhesives, materials, goods, and supplies that traveled in interstate commerce prior to Defendant's use of same.

11. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

13. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his regularly and routinely utilizing instrumentalities of interstate commerce, including the regular and recurrent use of tools, adhesives, fasteners, materials and supplies to perform the installation of kitchen cabinetry, bathroom vanities, goods, supplies, materials, and equipment that traveled in interstate commerce prior to his handling of same and prior to the installation of same.

14. Plaintiff began working for Defendant on February 6, 2019 and continues to work for Defendant.

15. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff, Miguel E. Gil Gonzalez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

17. Plaintiff performed work for Defendant.

18. Defendant failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for any of the hours that he worked by <u>failing to timely pay him</u> for the hours that he worked for Defendant from February 8, 2019 until the middle of July 2019.

19. Defendant further failed to timely pay Plaintiff at least the applicable minimum wage of $7.25 per hour for all of the hours that he worked by not paying him from the time that he began working on February 6, 2019 until it first started paying him in the middle of July 2019.

20. As of the filing of this Complaint, Defendant has failed to pay Plaintiff for all of the hours that he worked from February 8, 2019 until the middle of July 2019.

21. Plaintiff is entitled to a back-pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b. That Plaintiff recovers pre-judgment interest on all unpaid minmium wages if the Court does not award liquidated damages;

  c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  d. That the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

  e. That the Court issue a permanent injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

  f. That Plaintiff recovers all interest allowed by law;

  g. That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  h. That the Court declare Defendant to be in willful violation of the minimum wage provisions of the FLSA; and

  i. Such other and further relief as the Court deems just and proper.

### **COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff, Miguel E. Gil Gonzalez, reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

22. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

23. Defendant knew or reasonably should have known that Plaintiff worked more than 40 hours in one or more workweeks for it as a result of its receipt of records and/or reports documenting the hours/times that Plaintiff worked for Defendant each week.

24. Defendant failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay of $18.00 per hour for all hours worked over 40 hours in a workweek from February 6, 2019 to the middle of July 2019.

25. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked from February 6, 2019 to the middle of July 2019, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

    e. That the Court issue a permanent injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

    f. That Plaintiff recovers all interest allowed by law;

    g.    That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    h.    That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    i.    Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiff, Miguel E. Gil Gonzalez, reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

26.    Plaintiff and Defendant verbally agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $18.00 per hour for each of the hours he worked.

27.    Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

28.    Defendant, however, failed and refused to perform its obligation to timely pay Plaintiff a rate of $18.00 per hour, thereby breaching the oral contract/agreement, when they paid him nothing for the services that he provided until the middle of July 2019, when it began paying him at a rate of $15.00 per hour for some of the hours he had worked from February 6, 2019 to the middle of July 2019.

29.    Plaintiff has been damaged as a result of Defendant's failure to pay him the agreed-upon amount for each hour he worked from February 6, 2019 to the middle of July 2019 in a timely manner.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff, Miguel E. Gil Gonzalez, reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

30. Plaintiff provided labor and services for Defendant, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

31. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendant.

32. Defendant was unjustly enriched in that it failed and refused to make payment to Plaintiff for the the benefits conferred upon it by Plaintiff between February 6, 2019 to the middle of July 2019.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of September 2019.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
*Counsel for Plaintiff*
