UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:19-CV-23902- CMA

MIGUEL E. GIL GONZALEZ,

    Plaintiff,

vs.

TATYANA GOLDBERG, INC. d/b/a
TGI INSTALLERS,

    Defendant.

_____/

## **DEFENDANT'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendant, named herein as TATYANA GOLDBERG, INC. d/b/a TGI INSTALLERS, by and through its undersigned counsel, submits this Partial Answer to the Complaint filed by Plaintiff MIGUEL E. GIL GONZALEZ.

### *Parties, Jurisdiction and Venue*

1.     **Plaintiff, Miguel E. Gil Gonzalez**, is a *sui juris* residence of Miami-Dade County, Florida, who is over 18 years old.

**ANSWER:** Defendant is without knowledge regarding the allegations in paragraph 1 of Plaintiff's Complaint, therefore denied.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

**ANSWER:** Defendant admits that Plaintiff was an employee and received a wage based on hours worked, the remainder of the allegations in paragraph 2 of Plaintiff's Complaint denied.

3.  Plaintiff was non-exempt employee of Defendant.

**ANSWER:** Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.  Plaintiff consents to participate in this lawsuit.

**ANSWER:** Defendant is without knowledge as to whether Plaintiff has consented to participate in this lawsuit, therefore Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.  **Defendant, Tatyana Goldberg, Inc**., is a for-profit Maryland corporation that is *sui juris* and operated its business in Maryland and in this District as all times material. Defendant, Tatyana Goldberg, Inc., operates under the fictitious name of TGI Installers.

**ANSWER:** Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.  **Defendant. Tatyana Goldberg, Inc.,** is a foreign corporation, it conducted business in Florida, but it has never been authorized to conduct business in Florida as of the filing of this Complaint.

**ANSWER:** Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint.

7.  Defendant was and is Plaintiff's employer, as the term "employer" is defined by 29 U.S.C.§203(d). Both Defendant employed Plaintiff.

**ANSWER:** Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.  This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.,* and pendant/supplemental jurisdiction over Plaintiff's related state law claims.

**ANSWER:** Defendant admits that this Honorable Court possesses subject matter jurisdiction over this dispute but denies that a case or controversy exits so as to entitle Plaintiff to any relief.

9.  Defendant engaged Plaintiff to work from within this District, Plaintiff actually performed work on real property located in this District, and Defendant was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida, where such payments were received.

**ANSWER:** Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint.

### *Common Background Factual Allegations*

7.  Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business and enterprise covered under the Fair Labor Standards Act.

**ANSWER:** Defendant admits that it employed two or more employees within this Judicial District during the relevant time period but lacks information that is sufficient to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint, and, therefore Defendant denies them.

4815-5883-8186.2

8. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its warehousing, storage, disposal, delivery, and installation of kitchen cabinetry, bathroom vanities, glass partitions, systems furniture, and other goods and supplies that traveled in interstate commerce prior to their installation/incorporation into real property located in multiple States (including Florida, New York, and the District of Columbia).

**ANSWER:** Defendant lacks information that is sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint, and, therefore, Defendant denies them.

9. Furthermore, Defendant regularly and routinely obtains, exchanges, and sends/receives funds telephonic transmissions to and from outside the State of Florida, and transmits electronic information through computers, the internet, via emails, and otherwise outside of the State of Florida.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant performs its work using vehicles, tools, hand tools, fasteners, adhesives, materials, goods, and supplies that traveled intestate commerce prior to Defendant's use of same.

**ANSWER:** Defendant lacks information that is sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint, and, therefore, Defendant denies them..

11. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

**ANSWER:** Defendant admits the allegations in paragraph 11 of Plaintiff's Complaint.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exists, such records are in the exclusive custody of Defendant.

> **ANSWER:** Defendant admits that it has records regarding the dates of Plaintiff's employment. Defendant denies the remainder of the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his regularly and routinely utilizing instrumentalities of interstate commerce, including the regular and recurrent use of tools, adhesives, fasteners, materials and supplies to perform the installation of kitchen cabinetry, bathroom vanities, goods, supplies, materials, and equipment that traveled in interstate commerce prior to his handling of same and prior to the installation of same.

> **ANSWER**: Defendant lacks information that is sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and, therefore, Defendant denies them.

14. Plaintiff began working for Defendant on February 6, 2019 and continues to work for Defendant.

> **ANSWER**: Defendant admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. Any/all conditions precedent to filing of this lawsuit occurred and/or was satisfied by Plaintiff.

> **ANSWER:** Defendant lacks information that is sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint, and, therefore, Defendant denies them..

4815-5883-8186.2

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**ANSWER:** Defendant is without knowledge as to whether "Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered", therefore Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff, Miguel E. Gill Gonzalez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

17. Plaintiff performed work for Defendant.

**ANSWER:** Defendant admits the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for any of the hours that he worked by <u>failing to timely pay him</u> for the hours that he worked for Defendant from February 8, 2019 until the middle of July 2019.

**ANSWER:** Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant further failed to timely pay Plaintiff at least the applicable minimum wage of $7.25 per hour for all of the hours that he worked by not paying him for the time that he began working on February 6, 2019 until it first started paying him in the middle of July 2019.

**ANSWER:** Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. As of the filing of this Complaint, Defendant has failed to pay Plaintiff for all of the hours that he worked from February 8, 2019 until the middle of July 2019.

**ANSWER:** Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21.     Plaintiff is entitled to back-pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

**ANSWER:** Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, after trial by jury and as follows:

a.  That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

b.  That the Plaintiff recovers pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.  That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C §§201 *et seq*.,

e.  That the Court issues a permanent injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f.  That Plaintiff recovers all interest allowed by law;

g. That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

h. That the Court declare Defendant to be in willful violation of the minimum wage provisions of the FLSA; and

i. Such other and further relief as the Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE clause in Count I of the Complaint including subparts a through i.

## COUNT II – FLSA OVERTIME VIOLATION

Plaintiff, Miguel E. Gill Gonzalez, reincorporates and re-alleges paragraphs 1 through 16 as through set forth fully herein and further alleges as follows:

22. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant knew or reasonably should have known that Plaintiff worked more than 40 hours in one or more workweek for it as a result of its receipt of records and/or reports documenting the hours/times that Plaintiff worked for Defendant each week.

**ANSWER:** Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendant failed and refused to pay plaintiff at the rate of time and one-half times his regular rate of pay of $18.00 per hour for all hours worked over 40 hours in a work week from February 6, 2019 to the middle of July 2019.

**ANSWER:** Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked from February 6, 2019 to the middle of July 2019, plus an equal amount as a penalty, plus all attorneys' fees and costs.

**ANSWER:** Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

WHEREFORE Plaintiff, Miguel E. Gil Gonzalez, demands the entry of a judgment in his favor and against Defendant, Tatyana Goldberg, Inc. d/b/a TGI Installers, after trial by jury and as follows:

a.  That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C §216(b);

b.  That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.  That Plaintiff recovers and award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. 201*et seq.*;

    e.    That the Court issue a permanent injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

    f.    That Plaintiff recovers all interest allowed by law;

    g.    That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    h.    That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    i.    Such other and further relief as the Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE clause in Count II of the Complaint including subparts a through j.

## COUNT III – BREACH OF CONTRACT

In response to Count III, Defendant refers the Court to its Partial Motion to Dismiss, which was filed contemporaneously with Defendant's Partial Answer and Statement of Affirmative Defenses. To the extent a responsive pleading is required, Defendant denies all allegations contained in this averment.

## COUNT IV – UNJUST ENRICHMENT

In response to Count IV, Defendant refers the Court to its Partial Motion to Dismiss, which was filed contemporaneously with Defendant's Partial Answer and Statement of Affirmative

Defenses. To the extent a responsive pleading is required, Defendant denies all allegations contained in this averment.

## DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL E. GIL GONZALEZ, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

**ANSWER:** Defendant denies that any triable issues exist.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages, even if he can prove a violation of the law, because any acts or omissions given rise to Plaintiff's claims were undertaken or made in good faith, and Defendant had reasonable grounds for believing its actions or omissions did not violate the law.

### THIRD AFFIRMATIVE DEFENSE

The Claim is barred, in whole or in part, because Plaintiff has suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

Any claim for compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

When determining whether a violation of the applicable minimum wage has occurred, the employee's entire compensation for the week is divided by hours worked to determine if it meets or exceeds the minimum wage. Plaintiff's average hourly compensation exceeded the applicable minimum wage and, therefore, Plaintiff received all compensation due and was paid in excess of the minimum wage.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the damages requested by Plaintiff are not recoverable as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

## NINTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff contends that he misrepresented, fabricated, falsely reported, or purposely concealed hit true hours worked on the basis that Defendant encouraged him to misrepresent, fabricate, falsely report, or purposely conceal his true hours worked, and no evidence that Defendant knew or should have known that he was misrepresenting, fabricating, falsely reporting, or purposely concealing their hours worked, then Plaintiff's FLSA claims are barred in whole or in part by the doctrines of estoppel and avoidable consequences.

DATED this 25th day of October, 2019.    Respectfully Submitted,

                **Lewis Brisbois Bisgaard & Smith LLP**
                Counsel for *TATYANA GOLDBERG, INC. d/b/a TGI INSTALLERS*
                110 SE 6th Street, Suite 2600
                Fort Lauderdale, Florida  33301
                Telephone: 954-728-1280
                Facsimile: 954-728-1282

                BY:  /s/ *Jonathan A. Beckerman*
                      JONATHAN A. BECKERMAN, ESQ.
                      Florida Bar No.: 568252

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-service on this 25th of October all counsel through the Florida Courts E-filing Portal.

                **Lewis Brisbois Bisgaard & Smith LLP**
                Counsel for *TATYANA GOLDBERG, INC. d/b/a TGI INSTALLERS*
                110 SE 6th Street, Suite 2600
                Fort Lauderdale, Florida 33301
                Telephone: 954-728-1280
                Facsimile: 954-728-1282

              BY: /s/ Jonathan A. Beckerman
                   JONATHAN A. BECKERMAN, ESQ.
                   Florida Bar No.: 568252

## SERVICE LIST

Brian H. Pollock, Esq.
Fairlaw Firm
7300 N. Kendall Drive
Suite 450
Miami, Florida  33156
Tel: 305-230-4884
E-Mail: brian@fairlawattorney.com